*162 OPINION.
Harron:
The definition of capital assets set forth in section 111 (b) of the Revenue Act of 1936 excludes “property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.” Respondent contends that the bonds in question do not come within the above exclusion, so that they properly were determined to be capital assets, and that, consequently, the allowance for the loss was limited, properly, to $2,000. Petitioner contends that the bonds were property which fell within the above exclusion.
Petitioner relies upon Julius Goodman, 40 B. T. A. 22, and Hercules Motors Corporation, 40 B. T. A. 999. In our opinion those cases are controlling. See also Gilbert v. Commissioner, 56 Fed. (2d) 361.
The facts show clearly that it was the custom in the business of doing construction work for levee districts for the districts to make payment for the work in its bonds. In fact that was the only way the contractor could be paid. The Construction Co., the'partnership in which the four petitioners were members, did construction work for many levee and improvement districts in Texas from 1920 to 1929 and, in each instance, received bonds in payment for services. Excepting in one instance, not material, the Construction Co. sold the bonds as soon as possible. The intent always was to sell such bonds. That was the only way the Construction Co. could keep itself with funds on hand to carry on business. The company’s receipt of the bonds in question in payment for work done, therefore, was not an isolated instance of receiving bonds. The adversity experienced in disposing of the bonds was unusual in the company’s experience. The situation is amply explained by the facts, all of which show that the company was caught in the nation-wide depression in 1929, and following, which was visited upon the levee districts of northern Texas. The general depression made it impossible for the company to sell the bonds, but the original intent to sell them remained. The business adversity did not convert the original purpose to sell the bonds into a purpose of investment.
The facts leave no doubt on the point that the bonds came into the company’s possession as a necessary incident to the conduct of its business — to the sale of its services — and they were not received or *163 intended to be held as a capital asset. Disposition of the bonds through sale was likewise essential to the carrying on of its business.
Under all of the facts it is held that the loss sustained was a loss upon property held primarily for sale to customers in the ordinary course of business. The loss is deductible as an ordinary loss. Respondent is reversed on authority of the cases above cited.

Decision will be entered wider Rule 50.